CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 29, 2024

LAURA A. AUSTIN, CLERK
BY: /s/T. Taylor
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRISTOPHER WILSON, ) | |
|    Plaintiff, ) | Civil Action Nos. 7:24-cv-00524 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| TRAINER, *et al.*, ) | Chief United States District Judge |
|    Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Christopher Wilson, a Virginia inmate proceeding *pro se*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. (Dkt. No. 1.) This matter is before the court for review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the court concludes that Wilson alleged frivolous claims and has failed to state a claim for which relief can be granted, and his claims must be dismissed.

Pursuant to 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint is subject to dismissal if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted) A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Examples of frivolous claims include those whose factual allegations are so nutty, delusional, or wholly fanciful as to be simply unbelievable." *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009).

Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See*

*Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Applying these standards to Wilson's complaint, the court concludes that it does not state any actionable claims under federal law. Thus, it must be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The allegations in Wilson's complaint are sparse.  He alleges, first, that he should be released from prison immediately.  (*See* Compl. 2 ("The magistrate has an executive order from the president and a court order for my release.  It's not something I have to grieve in house, this is treason.").) Wilson also alleges that he has suffered brain damage because "they've been using laser surgery on my brain without a license[], or medical degree or any medical authority to practice on my brain."  (*Id.*)  If Wilson is trying to pursue a collateral attack on an unspecified criminal conviction in an attempt to secure his release from prison, a § 1983 action is not the correct vehicle for such a pursuit.  A civil rights § 1983 case challenges the conditions of plaintiff's confinement, and a habeas corpus matter challenges the legality of that confinement.  Further, plaintiff's allegations about an executive order from the president for his release and conducting laser surgery on his brain are legally frivolous.

Accordingly, it is hereby ORDERED that this 42 U.S.C. § 1983 action is DISMISSED for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  Wilson's claims are dismissed without prejudice.  It is further ORDERED that the Clerk shall STRIKE this case from the active docket of the court.  The Clerk shall transmit a copy of this order to Wilson.

Entered: August 29, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge